# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL S. GRANT,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JERRY E. POWERS, et al.,<br><br>　　　　　Respondents. | No. 2:17-CV-2690-MCE-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Respondents' motion to dismiss the petition (ECF No. 13) for lack of jurisdiction, as time bared, and for failure to state a cognizable federal habeas claim.

///
///
///
///
///
///
///
///

1

# I. BACKGROUND

## A.     Procedural History

Petitioner is currently serving a sentence of 16 years for assault with semiautomatic firearm, discharge of a firearm with gross negligence, exhibiting a weapon with the intent to resist, and possession of a controlled substance. ECF No. 7. Petitioner was booked on April 21, 2012, into the Sacramento County main jail on various charges, including those stated above. Id. at 28. On May 11, 2012, Petitioner signed an optional waiver, accepting the assessment offer and giving up his right to a probable cause and full revocation hearing at that time because local charges had been filed against him. Id. at 32. However, at that point Petitioner could still request a hearing within 15 days of the end of the local proceedings. Id. On May 11, 2012, the same day as Petitioner signed the waiver, a revocation hearing was held and probable cause found, regarding various charges including attempted murder. Id. at 30. There is no evidence in the record indicating that Petitioner ever requested a hearing within 15 days of judgment and sentencing in Sacramento County Superior Court. Id. at 50. In 2016, however, Petitioner attempted to administratively appeal an in-prison decision regarding ineligibility for a camp program due to the probable cause finding of attempted murder, but the appeal was canceled as untimely. Id.

Petitioner filed his first habeas petition in Sacramento County Superior Court, which was denied on April 3, 2017, for failure to exhaust his administrative remedies. Id. at 51. Petitioner then filed a petition for a writ of habeas corpus in the California Court of Appeal, Third Appellate District, which was summarily denied. Id. at 54. Petitioner filed his last state court petition in the California Supreme Court, which was summarily denied on October 25, 2017. Id. at 56. Petitioner filed his federal habeas, currently pending before this court, on December 26, 2017. ECF No. 1. The petition was dismissed by this Courts July 13, 2018, order for lack of jurisdiction because Petitioner failed to name the appropriate state officer. ECF No. 6. Petitioner filed his first amended petition on August 13, 2018. ECF No. 7.

///

///

**B.  Habeas Claims**

Petitioner raises three grounds for relief: (1) Petitioner asserts his due process rights were violated when he did not receive a denial of parole revocation hearing; (2) Petitioner asserts he was incorrectly assessed a "VIO"; and (3) Petitioner asserts he was erroneously charged with attempted murder.

## II.  DISCUSSION

Respondents argue the petition should be dismissed for lack of jurisdiction—as Petitioner failed to name a proper state official, as time bared, and for failure to state a cognizable federal habeas claim.

**A.  Failure to State a Cognizable Federal Habeas Claim**

Respondents argue because Petitioner challenges the classification decision applying an administrative label classifying him pursuant to *California* regulation, Petitioner's claims are not cognizable in *federal* habeas. This Court finds this argument unpersuasive. Respondents are correct in stating errors of state law are not cognizable in federal habeas. Pulley v. Harris, 465 U.S. 37, 41 (1984) (stating "[a] federal court may not issue the writ on the basis of a perceived error of state law.") However, here, Petitioner is not asserting his designation was improperly given due to and error in state law, but rather that because the denied due process the designation is unconstitutional.

Petitioner's first ground for relief argues that because he did not receive an administrative hearing, his federal due process rights were violated. That is a textbook due process claim and certainly cognizable in federal habeas. Petitioner's second ground for relief argues he was incorrectly administered a VIO classification as an inmate with current or past convictions for violent felonies. However, this erroneous designation was not because the state made an error applying the state law, but because the state violated his federal due process rights in the classification process. Because this claim does not allege an error of state law, but a federal constitutional deprivation, it too is cognizable in federal habeas. Petitioner's third ground for relief asserts he was erroneously charged with attempted murder. This claim argues the parole

agent failed to properly investigate and submitted an inaccurate charge resulting in a due process violation. This claim too, alleges a federal constitutional error and is thus also properly cognizable in federal habeas.

Because Petitioner's claims allege constitutional violations that effect his term of confinement, and because Petitioner's claims are not asserting errors in state law, this Court finds Petitioner has stated cognizable federal habeas claims.

**B.     Naming the Proper Respondent—Personal Jurisdiction**

A petitioner who is seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Habeas Rule 2(a); Ortiz–Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Generally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner in court. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); Stanley, 21 F.3d at 360. A petitioner's failure to name a proper respondent may require dismissal of his habeas petition for a failure to name a person who can produce the petitioner in response to an order of the Court and thereby to secure personal jurisdiction. See, Smith v. Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004)

Here, Petitioner is currently incarcerated at California Rehabilitation Center, Norco, yet Petitioner did not name the warden of that facility as the respondent in this case. Rather Petitioner named Jerry E. Powers, Operational Director of Adult Parole, and Jennifer Shaffer, Executive Officer of the Board of Parole Hearings as Respondents. Neither of these individuals have custody of Petitioner, neither of these individuals can produce Petitioner in court, and neither of these individuals have "day to day control" over Petitioner. Thus, neither Jerry E. Powers nor Jennifer Shaffer are state officers having custody of Petitioner and as such neither are proper respondents. For that reason, this Court does not have personal jurisdiction over the Respondents in this case. Because this Court lacks personal jurisdiction over the Respondents this Court recommends the petition for a writ of habeas corpus be dismissed.

### C. <u>Statute of Limitations</u>

Even if Petitioner had named the proper Respondent, dismissal of the petition would still be proper because the habeas claims are bared by the one-year statute of limitations. The current Petition was filed after the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law and is, thus, subject to AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). <u>See Calderon v. U.S. Dist. Court (Beeler)</u>, 128 F.3d 1283, 1286 (9th Cir. 1997). Title 28 U.S.C. § 2244(d) provides the following:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review.
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitations period is tolled while a properly filed application for post-conviction relief is pending in state court. <u>See</u> 28 U.S.C. § 2244(d)(2). An application for such relief is only "properly filed," however, if it is authorized by and in compliance with state law. <u>See</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). It bears noting that there is no tolling for periods of unreasonable delay between state court applications. <u>See</u> <u>Carey v. Saffold</u>, 536 U.S. 214, 225 (2002).

Petitioner's first ground for relief relates to an alleged denial of due process because he did not receive a revocation hearing after a finding of probable cause in 2012. Petitioner alleges a statutory change, which went into effect on July 1, 2013, altered the parole

5

revocation process in California and allowed the board to improperly revoke his parole without affording him a hearing at the conclusion of his criminal proceedings in February 2014. Even giving Petitioner the most generous application of the statute of limitations, which would be the conclusion of his criminal proceedings on February 7, 2014, the one-year period would have lapsed in February of 2015. Petitioner did not file his first state habeas petition until April of 2017, over two years after the statute lapsed, thus Petitioner cannot receive any tolling during the pendency of his state court actions. Petitioner did not file his first federal habeas petition until December of 2017, almost three years after the statute had lapsed. For this reason, Petitioner's first ground for relief is bared by the statute of limitations.

Petitioner's second ground for relief relates to a January 5, 2016, classification decision, applying a "VIO" administrative label to Petitioner pursuant to California Code of Regulations, title 15, section 3375.2, which categorization designates inmates with current or past conviction for violent felonies. The record indicates that Petitioner knew of the VIO classification on or near the date of issuance—January 5, 2016. ECF No. 7 at 11. For that reason, the statute of limitations began to run the following day, January 6, 2016, and lapsed January 6, 2017. Petitioner again can get no statutory tolling for the pendency of his state court actions because the statute of limitations had already lapsed prior to their filing. Because Petitioner's federal habeas was filed almost a year after the statute of limitations lapsed, December 2017, Petitioner' second ground is also bared by the statute of limitations.

Petitioner's third ground asserts the parole officer erroneously charged him with attempted murder in 2012. This claim largely mirrors the first claim as it relates to the May 11, 2012, finding of probable cause as to attempted murder. Just as Petitioner's first ground for relief is barred by the statute of limitations, so too is his third. Petitioner acknowledged receipt of the murder charge in 2012, and did not file his federal habeas until December 26, 2017. Petitioner can get no statutory tolling for his state court actions because they were filed beginning in April of 2017, almost five years after the statute had already lapsed. For that reason, Petitioner's third ground for relief is bared by the statute of limitations.

Thus, all three grounds for relief are bared by the statute of limitations and for that

reason this Court recommends the petition be dismissed.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss (ECF No. 13) be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 10, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE